IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHIRON D. DAVIS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 22-CV-0279-GKF-CDL |
| | ) |
| JIM FARRIS, Warden,[1] | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

Petitioner Shiron D. Davis ("Davis"), an Oklahoma prisoner appearing pro se, seeks federal habeas relief under 28 U.S.C. § 2254, asserting he is in state custody in violation of federal law pursuant to the criminal judgment entered against him in Tulsa County District Court Case No. CF-2016-3321. Dkt 1. Davis alleges: the evidence was insufficient to convict him; he was deprived of effective assistance of appellate counsel; he was deprived of a fair trial; and his Fifth Amendment protection against double jeopardy was violated. *Id*. The Court considered Davis's Petition for Writ of Habeas Corpus ("Petition") (Dkt. 1), Davis's exhibit in support of his Petition (Dkt. 4), Respondent's Response in Opposition to Petition for Writ of Habeas Corpus (Dkt. 15), the record of state-court proceedings provided by Respondent (Dkts. 16, 17), Davis's Reply (Dkt. 19), and applicable law. For the reasons discussed below, the Petition is DENIED.

## FACTUAL BACKGROUND

In September 2018, a Tulsa County jury found Davis guilty of domestic assault and battery resulting in great bodily harm (Count 2), child neglect (Count 4), domestic assault and battery in

---

[1] Davis presently is incarcerated at the Lawton Correctional and Rehabilitation Facility, and Jim Farris is the current warden of that facility. The Court therefore substitutes Jim Farris, Warden, in place of Steven Harpe as party Respondent. *See* Rule 2(a), *Rules Governing Section 2254 Cases in the United States District Courts*. The Clerk of Court shall note on the record this substitution.

the presence of a minor (Count 6) and violation of a protective order (Count 7). Dkt. 16-18 at 51, 54, 56, 58.[2] The trial court dismissed Count 6, finding that it merged with Count 2. Dkt. 16-17 at 21. The trial court sentenced Davis to four years imprisonment on Count 2, twenty-two years imprisonment on Count 4, and one year in jail on Count 7. Dkt. 16-18 at 153-54. The trial court ordered "count 4 to run [consecutive] to count 2 [and] count 7 to run [consecutive] to count 4." Dkt. 16-18 at 154.

Davis's convictions arise from an altercation Davis had with Brittany Sanders ("Sanders") on June 17, 2016. Dkt. 16-9 at 103, 108-17. Sanders testified she has five children, and Davis is the father of four of those children. *Id*. at 101-02. Sanders had a protective order in place against Davis on June 17, 2016. *Id*. at 106-08. Nevertheless, while Sanders and her children were at the pool located within the apartment complex where Sanders lived, Sanders heard Davis's voice and saw him in the parking lot talking to Sanders's oldest child. *Id*. at 108, 113. Sanders approached Davis, and Davis asked Sanders about her cell phone. *Id*. at 113-14. This upset Sanders and she began cussing at Davis. *Id*. Davis, while still in his vehicle, pulled out a gun and set the gun on his lap. *Id.* at 114. Sanders then turned around and tried to run, but Davis knocked her down and "attacked" her. *Id*. at 114-16, 140-41.

Sanders momentarily "blanked out" but when she came to Davis was standing over her telling her "get up, Brittany . . . [g]et up, Brittany" and dragging her to his car. *Id*. at 116-17. Davis then took Sanders and her children to the home of someone she did not know. *Id*. at 118-20. Sanders and the children stayed in the vehicle while Davis got out to talk to someone. *Id*. at 120-21. Davis left the keys in the ignition. *Id*. at 120. When Davis was out of the vehicle, Sanders jumped into the driver's seat and drove off. *Id*. at 122. She called her mother who was able to

---

[2] The Court's citations refer to CM/ECF header pagination.

find Sanders and the children and pick them up. *Id*. Sanders then went to the hospital. *Id*. at 123. As a result of Davis's attack, Sanders had damage to her teeth which required her to get "crowns on all of [her] front teeth." *Id*.

One of Sanders's neighbors, Steve Bartley, testified at trial he witnessed Davis's attack on Sanders. *Id*. at 205, 209-15. From the kitchen window of his apartment, Bartley saw Davis near an SUV swinging his arms in a violent motion downward, but Bartley could not see Davis's fists. *Id*. at 212-13. Bartley ran outside and saw Davis grabbing Sanders by the neck, dragging her, and holding her against the SUV. *Id*. at 214. Sanders's children were present, Davis had his arm around one of them, and the other children were standing in front of an apartment in apparent shock. *Id*. at 215. When Bartley confronted Davis and threatened to call the police, Davis responded, "this is my family." *Id*. at 215-16.

## POST-CONVICTION STATE COURT PROCEEDINGS

After his conviction, Davis filed a direct appeal, and the Oklahoma Court of Criminal Appeals ("OCCA") upheld his convictions and sentences. Dkts. 15-1, 15-4. Davis filed four applications for post-conviction relief. Dkts. 15-5, 15-10, 15-13, 15-24. The district court denied each application. Dkts. 15-7, 15-12, 15-19, 15-29. Davis appealed the district court's rulings concerning his first, third, and fourth applications. Dkts. 15-8, 15-22, 15-34. The OCCA affirmed the district court's decision each time. Dkts. 15-9, 15-23, 15-35. The Court will outline Davis's state court claims relevant to the instant Petition and the OCCA's disposition of those claims.

### I. First Application for Post-Conviction Relief

In his First Application for Post-Conviction Relief ("First Application"), Davis challenged the first element[3] of the child neglect crime. Dkt. 15-5 at 2; *see also* Dkt. 1 at 5 (Ground I). Davis alleged, "State offered no proof & presented no proof of me being a parent after being alleged to be victim kids father … (child neglect)[.]" *Id.* The OCCA affirmed the district court's dismissal of the First Application explaining, "all issues not raised in the direct appeal, which could have been raised, are waived." Dkt. 15-9 at 2.

### II. Third Application for Post-Conviction Relief

In his Third Application for Post-Conviction Relief ("Third Application"), Davis challenged the sufficiency of the evidence to support the fifth element[4] of both the domestic assault and battery resulting in great bodily harm crime and the domestic assault and battery in the presence of a minor crime. *See* Dkt. 15-13 at 4-5; *see also* Dkt. 1 at 6-8 (Grounds II and III). Davis also raised the issue of ineffective assistance of appellate counsel in his Third Application. Dkt. 15-13 at 6; *see also* Dkt. 1 at 9 (Ground IV).

On appeal, the OCCA affirmed the district court's denial of the Third Application reasoning:

> Reviewable issues in a subsequent application are strictly conscribed. 22 O.S. 2011, § 1086; *Stevens v. State*, 2018 OK CR 11, ¶ 15, 422 P.3d 741, 746 ("There are even fewer grounds available to a petitioner to assert in a subsequent application for post-conviction relief."). The claims presented in the instant application either were, or could have been, presented on direct appeal or in Petitioner's previous post-conviction applications. As the District Court found, Petitioner has not demonstrated a sufficient reason for failing to adequately raise

---

[3] *See* Dkt. 16-18 at 98 (instructing the jury that the first element of the child neglect charge is "any parent or other person responsible for the child's health, safety or welfare[.]").

[4] *See* Dkt. 16-18 at 90, 102 (instructing the jury that the second element of both crimes is "was against the person of an individual with whom the defendant has had a child.").

these claims in prior proceedings. *See* 22 O.S. 2011, § 1086. Accordingly, the claims have been waived or are barred by res judicata.

Dkt. 15-23 at 3.

### III. Fourth Application for Post-Conviction Relief

In his Fourth Application for Post-Conviction Relief ("Fourth Application"), Davis challenged the sufficiency of the evidence to support the second element[5] of the child neglect charge, alleged his right to a fair trial was violated and the prohibition against double jeopardy was also violated by the trial court. Dkt. 15-24 at 8, 10-12; *see also* Dkt. 1 at 5, 11 (Grounds I, V and VI). The OCCA affirmed the district court's denial of the Fourth Application noting:

> Reviewable issues in a subsequent application are strictly conscribed. 22 O.S. 2011, § 1086; *Stevens v. State*, 2018 OK CR 11, ¶ 15, 422 P.3d 741, 746 ("There are even fewer grounds available to a petitioner to assert in a subsequent application for post-conviction relief."). The claims presented in the instant application either were, or could have been, presented on direct appeal or in Petitioner's previous post-conviction applications. As the District Court found, Petitioner has not demonstrated a sufficient reason for failing to adequately raise these claims in prior proceedings. *See* 22 O.S. 2011, § 1086. Accordingly, the claims have been waived or are barred by res judicata.

Dkt. 15-35 at 3.

### INSTANT HABEAS PETITION

Now, Davis seeks habeas relief from this Court. Davis raises the following claims:

**Ground I:** Insufficient evidence to prove beyond a reasonable doubt (Petitioner) committed the crime child neglect.

**Ground II:** Insufficient evidence to prove beyond a reasonable doubt (Petitioner) committed the crime dom[estic] [assault and battery] resulting in [great] bodily harm.

**Ground III:** Insufficient evidence to prove beyond a reasonable doubt (Petitioner) committed the crime dom[estic] [assault and battery] in the presence of minor.

---

[5] *See* Dkt. 16-18 at 98 (instructing the jury that the second element of the child neglect charge is "willfully or maliciously[.]").

>  **Ground IV:** Petitioner was deprived of his 6th amendment right to having effective assistance on appeal (direct appeal).
>
>  **Ground V:** Petitioner was deprived of his civil right's statutorily & constitutional right to a fair trial.
>
>  **Ground VI:** Petitioner was deprived of his (5th) amendment constitutional right – double jeopardy prohibition.

Dkt. 1 at 5-11.[6] Respondent urges the Court to deny the Petition, asserting habeas review of these claims is barred because Davis procedurally defaulted each claim in state court. Dkt. 15 at 24-39.

## DISCUSSION

Under the doctrine of procedural default, federal courts are precluded from "consider[ing] issues on habeas review that have been defaulted in state court on an independent and adequate state procedural ground, unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice." *McCracken v. Gibson*, 268 F.3d 970, 976 (10th Cir. 2001) (internal quotations omitted). "To be independent, the procedural ground must be based solely on state law." *Cole v. Trammell*, 755 F.3d 1142, 1159 (10th Cir. 2014) (internal quotations omitted). To be adequate, a state procedural ground "must be strictly or regularly followed and applied evenhandedly to all similar claims." *Id.* (internal quotations omitted). Where, as here, the state has pleaded the affirmative defense of a state procedural bar, "the burden to place that defense in issue shifts to the petitioner," who must, at a minimum, provide "specific allegations . . . as to the inadequacy of the state procedure." *Hooks v. Ward*, 184 F.3d 1206, 1217 (10th Cir. 1999).

### I.   Davis's claims are procedurally defaulted.

Davis procedurally defaulted all claims. Davis first raised Ground I (sufficiency of the evidence to support the first element of the child neglect crime) in his First Application. Dkt. 15-

---

[6] Davis also requests an evidentiary hearing. Dkt. 19 at 10. The Court finds Davis is not entitled to an evidentiary hearing. *See Shinn v. Ramirez*, 596 U.S. 366 (2022).

5 at 2.[7] He first raised Grounds II (insufficiency of the evidence to support the domestic assault and battery resulting in great bodily harm crime),[8] III (insufficiency of the evidence to support the domestic assault and battery in the presence of a minor crime) and IV (ineffective assistance of appellate counsel) in his Third Application. Dkt. 15-13 at 4-6. And, he first raised Grounds I (sufficiency of the evidence to support the second element of the child neglect crime), V (fair trial) and VI (double jeopardy)[9] in his Fourth Application. Dkt. 15-24 at 8, 10-12. Each time the OCCA considered Davis's post-conviction claims, the OCCA rejected the claims under Oklahoma's Uniform Post-Conviction Procedure Act, Okla. Stat. tit. 22, §§ 1080-89, which precludes

---

[7] To the extent Davis is challenging the application of the Oklahoma Parentage Act in his criminal proceedings, any such challenge is misplaced. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").

[8] Davis did challenge the sufficiency of the evidence to convict him of this crime on direct appeal. Dkt. 15-19 at 3. A review of Davis's direct appeal reveals he challenged the *sixth* element of the charge. Dkt. 15-1 at 17 ("The evidence was insufficient to convict Appellant of the crime of Domestic Assault and Battery Resulting in Great Bodily Injury . . . . Specifically, the evidence was insufficient to prove beyond a reasonable doubt the *sixth* element of the crime being '*resulting in great bodily injury*.'" (emphasis added)); *see also* Dkt. 16-18 at 90. Here, Davis only challenges the fifth element. Dkt. 1 at 6-7; *see also* Dkt. 16-18 at 90. Accordingly, the Court will only address the fifth element. *Childers v. Crow*, 1 F. 4th 792, 798 (10th Cir. 2021) (A district court "may not rewrite a petition to include claims that were never presented.") (quoting *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999)).

[9] In his direct appeal, Davis argued, "the trial court erred in failing to merge the child neglect conviction and the violation of protective order conviction into the conviction for domestic assault and battery resulting in great bodily harm to comply with 21 O.S. 2011, § 11[.]" Dkt. 15-1 at 19." The OCCA rejected this claim. Dkt. 15-4 at 4. In his First Application, Davis alleged his trial counsel was ineffective for "failing to object to multiple punishments arising from a single criminal act at trial and sentencing on the grounds in 21 O.S. § 11[.]" Dkt. 15-5 at 19. The OCCA held "Ineffective assistance of trial counsel was raised on direct appeal and is barred by the doctrine of *res judicata*." Dkt. 15-9 at 2-3. To the extent Davis's Ground VI claim is premised on Okla. Stat. tit. 22, § 11, as his direct appeal and First Application claims were, this claim is not a cognizable habeas claim because it alleges only a violation of state law. *See Spradling v. Addison*, 367 F. App'x 938, 940 (10th Cir. 2010) ("To the extent Mr. Spradling argues that his conviction violates the prohibition on multiple punishments found at Okla. Stat. tit. 21, § 11, the state court's interpretation of its own laws is not a cognizable claim for federal habeas relief.").

defendants from raising in an application for post-conviction relief any claim that could have been raised on direct appeal or a prior application for post-conviction relief. Dkts. 15-9, 15-23 and 15-35.

Davis does not challenge the independence or adequacy of Oklahoma's waiver rule. *See* Dkts. 1, 4 and 19. Courts routinely find Oklahoma's waiver rule is both independent and adequate. *See e.g.*, *Smith v. Workman*, 550 F.3d 1258, 1274 (10th Cir. 2008) ("The waiver of claims not brought on direct appeal is based on state law, *see* 22 Okla. Stat. tit. 22 § 1086, and this court has found Oklahoma's bar of claims not raised on direct appeal to be independent and adequate with respect to claims other than ineffective assistance of counsel[.]"); *see also Medlock v. Ward*, 200 F.3d 1314, 1323 (10th Cir. 2000) (Noting the Tenth Circuit has "held that Oklahoma's procedural bar to claims not raised on initial post-conviction review is independent and adequate."). It is clear Oklahoma's waiver rule, as codified in Okla. Stat. tit. 22, § 1086, is based solely on state law, and Davis provides no argument suggesting it is not regularly followed and evenhandedly applied. *See Cole*, 755 F.3d at 1159.

> II. **Davis did not establish cause to excuse his default.**

Because each of Davis's claims were defaulted in state court on independent and adequate state procedural grounds, the Court's review of these claims is foreclosed unless Davis can "demonstrate cause and prejudice or a fundamental miscarriage of justice." *McCracken*, 268 F.3d at 976 (internal quotations omitted). The cause standard requires a petitioner to "show that some objective factor external to the defense impeded ... efforts to comply with the state procedural rules." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Examples of such external factors include the discovery of new evidence, a change in the law, and interference by state officials. *Id*. As for

8

prejudice, Davis must show "'actual prejudice' resulting from the errors of which he complains." *United States v. Frady*, 456 U.S. 152, 168 (1982).

### A. Ineffective Assistance of Appellate Counsel

In his Petition, Davis contends Grounds I, II and III were not raised on direct appeal because of "ineffective (court appointed) assistance of appellate counsel." Dkt. 1 at 5-8. In certain circumstances, counsel's ineffectiveness can constitute "cause" sufficient to excuse a state prisoner's procedural default. *Carrier*, 477 U.S. at 488-89. However, the assistance provided by appellate counsel must rise to the level of a constitutional violation. *Id*. Further, "a claim of ineffective assistance [must] be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." *Id*. at 489. An ineffective assistance of counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted. *Edwards v. Carpenter*, 529 U.S. 446, 452-53 (2000). Unless a petitioner can satisfy the "cause and prejudice" standard for the procedurally defaulted ineffective assistance of counsel claim, that claim cannot serve as cause for another procedurally defaulted claim. *Id*.; *see also Mondier v. Franklin*, 04-CV-0629-CVE-FHM, 2008 WL 554995, at *11 (N.D. Okla. Feb. 27, 2008) (unpublished).[10]

In this case, Davis did not raise a claim of ineffective assistance of appellate counsel until his Third Application. Dkt. 15-13. Accordingly, as explained above, Davis's ineffective assistance of appellate counsel claim was procedurally defaulted and may not serve as "cause" to overcome the procedural bar applicable to Grounds I, II and III. *See Edwards*, 529 U.S. at 452-53; *see also*

---

[10] The Court cites all unpublished decisions herein as persuasive authority. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

9

*Mondier*, 2008 WL 554995, at *11 (finding procedurally defaulted ineffective assistance of counsel claim could not serve as "cause" for procedural default of another claim).

### B. Pro Se Status

Davis also contends his claims were not presented in his First Application because he is pro se, "a layman of law and waived rights unknowingly, involuntarily and unintelligently in his attempt to secure relief." Dkt. 19 at 10. Being "pro se and unlearned in the law" is "insufficient to establish cause for procedural default." *Hawkins v. Hargett*, 28 F. App'x 837, 839 (10th Cir. 2001). Davis does not provide any further justification for his failure to raise his claims prior to his Third Application. *See* Dkts. 1, 4 and 19. Therefore, this justification in insufficient to establish cause and prejudice for the procedural default.

### III. Davis did not demonstrate he is entitled to the fundamental miscarriage of justice exception.

Davis's only other means of gaining federal habeas review of his defaulted claims is the fundamental miscarriage of justice exception. *Herrera v. Collins*, 506 U.S. 390, 403-404 (1993); *Sawyer v. Whitley*, 505 U.S. 333, 339-341 (1992); *see also Schlup v. Delo*, 513 U.S. 298 (1995). To "demonstrate that a fundamental miscarriage of justice would occur if his claim is procedurally barred[,] . . . a criminal defendant must make a colorable showing of factual innocence." *Beavers v. Saffle*, 216 F.3d at 918, 923 (10th Cir. 2000). Successful actual innocence claims are rare due to the demanding evidentiary requirements for such claims. *McQuiggin v. Perkins*, 569 U.S. 383, 386 and 401 (2013); *House v. Bell*, 547 U.S. 518, 538 (2006). "[P]risoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House*, 547 U.S. at 536-37 (quoting *Schlup*, 513 U.S. at 327). "To be credible, a claim of actual innocence requires a petitioner to present 'new reliable evidence—whether it be exculpatory

10

scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.'" *Fontenot v. Crow*, 4 F.4th 982, 1031 (10th Cir. 982) (quoting *Schulp*, 513 U.S. at 324).

In his Reply, Davis contends there was insufficient evidence presented at trial to establish he is the father of Sanders's children thereby rendering him actually innocent of the child neglect, domestic assault and battery resulting in great bodily harm and domestic assault and battery in the presence of a minor crimes. *See* Dkt. 19 at 4, 8.[11] Even if the Court grants Davis leeway and accepts the actual innocence argument raised in his Reply, Davis has not satisfied the requirements of the actual innocence gateway. Davis presents no evidence to support his claim. All he offers are his own self-serving allegations that he is not the children's father. *See* Dkt. 19. These allegations alone are insufficient to meet the demanding evidentiary requirements of an actual innocence claim. Thus, the fundamental miscarriage of justice exception is inapplicable and cannot be used to access habeas review of Grounds I, II and III.

## CONCLUSION

The Court finds and concludes Davis cannot obtain federal habeas relief under 28 U.S.C. § 2254. Davis's claims presented in his Petition are procedurally defaulted and Davis has not demonstrated cause and prejudice sufficient to allow this Court to consider his claims. Nor can Davis avail himself to the fundamental miscarriage of justice exception. Accordingly, the Court denies Grounds I-VI as procedurally barred. The Court further concludes no certificate of appealability shall issue because reasonable jurists would not debate the correctness of this Court's

---

[11] Davis may not amend his Petition by including additional allegations in his Reply. *Cf. Jojola v. Chavez*, 55 F.3d 488, 494 (10th Cir. 1995) (holding a court is limited to assessing the legal sufficiency of the allegations contained within the four corners of the complaint); *Jones v. Ciolli*, No. 22-CV-3262, 2023 WL 11888941 at *1 (D. Colo. May 3, 2023) (unpublished) (applying *Jojola's* principle to writ of habeas corpus).

11

determination that Davis's claims are procedurally barred.  28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

IT IS THEREFORE ORDERED that the Petition [Dkt. 1] is DENIED; a certificate of appealability is DENIED; and a separate judgment shall be entered in this matter.

IT IS FURTHER ORDERED that the Clerk of Court shall note on the record the substitution of Jim Farris, Warden, in place of Steven Harpe as party Respondent.

**DATED** this 27th day of June, 2025.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE